UNITED STATES DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW GORBEY, BY AND ) <br> THROUGH HIS MOTHER & NEXT ) <br> FRIEND, SHERRI MADDOX; ) <br> KEENAN STAPLETON, BY AND ) <br> THROUGH HIS MOTHER & NEXT ) <br> FRIEND, FELICIA CLARK, ) <br>      Plaintiffs ) <br> ) <br> VS. ) <br> ) <br> AMERICAN JOURNAL OF ) <br> OBSTETRICS & GYNECOLOGY; ) <br> ELSEVIER, INC. ) <br> THE BOND CLINIC; ) <br> HENRY LERNER, M.D. ) <br> EVA SALAMON, M.D., ) <br>      Defendants ) | Civil Action No. <br> 1:11-CV-11259-NMG |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
HENRY LERNER, M.D.'S MOTION TO DISMISS THE
PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE CLAIM

I.     UNDISPUTED MATERIAL FACTS

The plaintiffs previously sued and lost medical malpractice actions, in Illinois and

Virginia, alleging each child sustained a shoulder injury during birth due to the delivering

physician's negligence.  (Doc. #1, plaintiffs' complaint, at paragraphs #9 and 10)  The plaintiffs

allege both juries were misled and would have found for the plaintiffs, had the defendants' trial

experts not made reference to a medical case report published in the American Journal of

Obstetrics and Gynecology, co-authored by defendants, Henry Lerner, M.D., ("Dr. Lerner") and

Eva Salamon, M.D., ("Dr. Salamon") discussing why not all newborn shoulder injuries (brachial

plexus injuries) are due to physician traction during delivery.  (Doc. #1 at paragraphs # 11 and

26) The plaintiffs allege the case report is inaccurate and deceptive and that Dr. Lerner violated M.G.L. c. 93A §9 (Massachusetts' "Regulation of Business Practices for Consumer Protection" act) by authoring the case report. (Doc. #1 at paragraph # 21)

Co-defendant, Elsevier, Inc., is a New York company. (Doc. #13, Affidavit of Matthew Stratton) Plaintiffs, Andrew Gorgey, and Sherri Maddox, reside in Virginia. (Doc. #1 at paragraph #1) Plaintiffs, Keenan Stapleton, and Felicia Clark, reside in Illinois. (Doc. #1 at paragraph # 2) Dr. Lerner is a resident of Massachusetts (Doc. #6 at paragraph #6) The plaintiffs do not allege where the disputed case report was written, or submitted for publication, nor any financial terms for the writing or publication. (Doc. #1 at paragraph #17) The plaintiffs merely allege preparation and submission constitute M.G.L. c. 93A violations. (Doc. #1 at paragraph #21) Likewise, the plaintiffs merely allege, without description, that Dr. Lerner's preparation and submission were actions while "engaged in trade or commerce". (Doc. #1 at paragraph # 22) However, it is the "use" of the case report during the Illinois and Virginia trials that allegedly caused the plaintiffs' damages. (Doc. #1 at paragraphs #11 and 26)

## ARGUMENT

1.   <u>Plaintiffs do not allege sufficient facts that Dr. Lerner's alleged wrongdoing was trade or commerce, in a business context, occurring primarily or substantially in Massachusetts</u>

Chapter 93A claims are premised on a commercial transaction between two parties. Lantner v. Carson, 374 Mass 606, 611 (1978) The plaintiff must prove: (1) a violation of G.L. c. 93A, (2) an injury and (3) causation.  Herman v. Admit One Ticket Agency, LLC, 454 Mass 611, 615-616 (2009) The alleged unfair "trade or commerce" must occur in a "business context".  Lantner, supra at 611 The commercial conduct must also occur "primarily and substantially" in Massachusetts. KPS and Associates, Inc. v. Designs by FMC, Inc., 318 F3d 1,

24-25 (1st Cir 2003)  The three factors considered in deciding if the conduct occurred "primarily and substantially" in Massachusetts are: "(1) where the defendant engaged in unfair or unscrupulous conduct; (2) where the plaintiff was on the receiving end of the unfair or unscrupulous conduct; and (3) the situs of plaintiff's losses due to the unfair and unscrupulous conduct." Id.

Plaintiffs do not allege where Dr. Lerner was when he prepared and submitted the case report.  (Doc. #1 at paragraph #17)  The plaintiffs do not allege that, while in Massachusetts, Dr. Lerner was paid for preparation or submission, or was otherwise engaged in a commercial transaction, in a business context, with co-defendant, Elsevier.  Thus, the plaintiffs have failed to state a claim.  Fed.R.C.P. 12(b)(6)  Even assuming, arguendo, that preparation and submission involved the exchange of money, and occurred, to some extent, in Massachusetts, the plaintiffs concede they were on the "receiving end" (KPS and Associates, supra, at 24-25) during trials in Illinois and Virginia, and that the "situs of (the) plaintiffs' losses" (Id) was in Illinois and Virginia.  Thus, two of the three factors unequivocally establish that the conduct at issue did not occur in Massachusetts.  Moreover, no cases interpreting Chapter 93A hold, or remotely support, that conduct by one person in Massachusetts, (generation of a document), forwarded to a second person in New York, becomes actionable when later used by third parties (trial experts) outside Massachusetts, allegedly influencing fourth parties (jurors), who then purportedly injured fifth parties (these plaintiffs).  Rather, where plaintiffs do not engage, or attempt to engage, in a commercial transaction directly with the putative defendant, the plaintiffs lack standing to bring a G.L. c. 93A claim.  Herman, supra at 619-620  Thus, plaintiffs have not alleged sufficient facts, which if proven, can sustain a claim for unfair trade or commerce, in a business context, in Massachusetts, under G.L. c. 93A  §9.

2.    Article 4, §1, of the United States Constitution (Full Faith and Credit Clause) and the principle of comity, bar conducting discovery of Virginia and Illinois jurors.

Massachusetts Courts give other states' judgments the same finality as they would receive in that state.  Heron v. Heron 428 Mass 537, 539 (1998) "The notions of comity demanded by our Federal system require us to concede that the courts of our sister states, even when they reach a different decision than we would have, are endowed with an equal measure of wisdom and sympathy."  Delk v. Gonzalez, 421 Mass 525, 530 (1995)  The Virginia and Illinois jurors have spoken.  The Virginia verdict was not appealed.[2]   The Illinois verdict was, and the appeal was denied, holding, in part, that the case report did not prejudice the plaintiff.  (See Doc. #12, at pgs #14-15, co-defendant, Elsevier's Memorandum of Law, which is incorporated by reference, and those arguments adopted herein)  The principle of comity, and the Full Faith and Credit Clause, bars using M.G.L. c. 93A as a vehicle to conduct discovery from the Virginia and Illinois jurors.  Only Virginia and Illinois have authority to sanction discovery from these jurors.  Thus, these plaintiffs, in this claim, have no legal means to gather the predicate evidence to prove the allegations that the Virginia and Illinois jurors would have ruled for them, sans the case report.

3.    Article 4, §1, of the United States Constitution (Full Faith and Credit Clause) and the principle of comity, bar a Massachusetts tribunal from reversing the Illinois and Virginia verdicts.

As described above, the Full Faith and Credit Clause bars a tribunal applying Massachusetts law (M.G.L. c. 93A) from entertaining a claim, predicate on reaching a finding contrary to the Illinois and Virginia juries.  Plaintiffs, without authority, or means, to reconvene the Illinois and Virginia juries and retry those cases, seek to convene a Massachusetts jury to decide how the Illinois and Virginia juries would have found, sans the case report.  However, the

---

[2] The time for appeal has expired.  See Rules of Supreme Court of Virginia, Rule 5A:6 Notice of Appeal, setting 30 day period from final judgment; See Doc. #1, at para. #9, alleging September, 2009, adverse trial verdict.

Full Faith and Credit Clause bars a Massachusetts tribunal from using M.G.L. c. 93A to reverse the Illinois and Virginia decisions. The defendant doctors in those cases are entitled to rely on those decisions. A finding for the plaintiffs on their theory of recovery would require Massachusetts jurors to find liability (deviation from the medical standard of care) and causation (injury due to the defendant doctors' care) and calculate monetary damages for each plaintiff. However, the Illinois and Virginia jurors found there was no liability, or no causation, in the underlying trials. These determinations cannot be overturned by a Massachusetts jury weighing a M.G.L. c. 93A claim without violating the Full Faith and Credit Clause. The test under the Full Faith and Credit Clause is whether Illinois and Virginia deem the prior decisions final. Heron, supra at 538-539. Both the Virginia and Illinois verdicts are final. The Virginia verdict was not appealed; the Illinois verdict was appealed and lost. The plaintiffs' complaint does not allege either verdict was successfully appealed and reversed. Thus, as plead, a court applying Massachusetts law must give full effect to the prior verdicts. Heron, supra at 538-539. Accordingly, the plaintiffs' theory of recovery is barred by the Full Faith and Credit Clause.

        4.    <u>A Massachusetts jury's opinion, in 2012 or 2013, about whether the 2009 Virginia jury, and 2008 Illinois jury, would have found for the plaintiffs, but for the case report, would not prove whether the Virginia and Illinois juries would have actually found for the plaintiffs.</u>

Plaintiffs' complaint alleges that "but for" the use of the case reports, the Virginia and Illinois juries would have found for the plaintiffs. However, despite knowing about the alleged deficiencies in the case report prior to the trials, there were no post-verdict (pre-discharge) special questions posed to either jury asking how they would have ruled had the case report not been used. The failure to ask such questions cannot be remedied now by asking a Massachusetts jury to speculate about what the other juries might have done. The Virginia and Illinois juries were each presented with a unique, and non-replicable, series of factual witnesses and

evidentiary exhibits. The witness' demeanor and testimony cannot be replicated. A Massachusetts jury cannot substitute its own judgment for that of the Illinois and Virginia juries. Moreover, a Massachusetts jury's substituted judgment would only be evidence of what a Massachusetts jury speculates the other juries would have done. It would not be evidence of what the other juries actually would have done. Thus, the plaintiff's claim, as plead, is futile, as a Massachusetts jury cannot substitute its judgment for the prior Virginia and Illinois juries.

II.    CONCLUSION

Dr. Lerner moves for dismissal of the plaintiffs' complaint because M.G.L. c. 93A does not apply to use by trial experts in Virginia and Illinois, of a medical case report previously prepared in Massachusetts and submitted by e-mail to a New York publisher. Dr. Lerner's writing and e-mailing was not trade or commerce in a business context occurring in Massachusetts. Moreover, the Full Faith and Credit Clause, as applied in Massachusetts, does not permit a Massachusetts jury to substitute its judgment for the final prior judgments by the Virginia and Illinois juries. Thus, the plead facts and law fail to state a claim upon which the plaintiffs can prevail. Accordingly, dismissal with prejudice is proper.

Respectfully submitted,

s/s Douglas A. Robertson
Charles P. Reidy, III  BBO#: 415720
Douglas A. Robertson  BBO#:  552315
Attorneys for Defendant,
Henry Lerner, M.D.
MARTIN, MAGNUSON, McCARTHY
 & KENNEY
101 Merrimac Street
Boston, MA 02114
617-227-3240

## CERTIFICATE OF SERVICE

I, Douglas A. Robertson, counsel for defendant, Henry Lerner, M.D., hereby certify that

on the 25th day of October, 2011, I served a copy of the above document to all counsel of record

via electronic filing to:

Kenneth M. Levine, Esquire
Kenneth M. Levine & Associates, LLC
370 Washington Street
Brookline Village, MA 02445

Francis E. Pierce, III, Esquire
Mateer & Harbert, P.A.
225 E. Robinson St.  Suite 600  PO Box 2854
Orlando, FL  32802-2854

William S. Strong, Esquire
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114-2925

                                        /s/ Douglas A. Robertson
                                        Charles P. Reidy, III  BBO#: 415720
                                        Douglas A. Robertson  BBO#:  552315
                                        Attorneys for Defendant,
                                        Henry Lerner, M.D.
                                        MARTIN, MAGNUSON, McCARTHY
                                         & KENNEY
                                        101 Merrimac Street
                                        Boston, MA 02114
                                        617-227-3240