UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.: 1:11-CV-11259-NMG

| | |
|---|---|
| A.G., by and through his Mother & Next Friend Sherri Maddox; | : |
| K.S., by and through his Mother and Next Friend, Felicia Clark, | : |
| *Plaintiffs* | : |
| | : |
| v. | : |
| | : |
| American Journal of Obstetrics & Gynecology; Elsevier, Inc.; | : |
| The Bond Clinic; Henry Lerner, M.D.; and Eva Salamon, M.D. | : |
| *Defendants* | : |

MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION OF
DEFENDANT EVA SALAMON, M.D. AND OF DEFENDANT THE BOND CLINIC,
TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT TO ADD FRAUD
COUNT

Introduction

The Defendant Eva Salamon, M.D., and the Defendant The Bond Clinic, properly Bond and Steele Clinic, P.A., d/b/a Bond Clinic, P.A., in accordance with Local Rule 7.1(B)(2), submit this opposition to Plaintiffs' Motion to Amend their complaint to add a count in fraud.

Defendant Eva Salamon, M.D., and The Bond Clinic have pending before this Court motions to dismiss for lack of jurisdiction and for failure to state a cause of action upon which relief may be granted. This Court heard oral argument on said motions on November 4, 2011. The day prior, on November 3, 2011, Plaintiffs filed a motion to amend their complaint to add a count in fraud.

The Defendants Salamon and The Bond Clinic submit this opposition to Plaintiffs' motion to amend, and do so without waving their previously filed motions and memorandum. Rather than repeat the "background" as set forth within that

*Maddox; Clark v. Salamon, M.D., et al*
Memorandum of Law in Support of Opposition of Defendants Salamon, M.D. and The Bond Clinic to Plaintiffs' Motion to Amend the Complaint to Add Fraud Count

memorandum, and given this Court's familiarity with the case from the November 4th proceedings, the Defendants incorporate their prior filings in this case.

These Defendants oppose the Plaintiffs' motion to amend, and do so on the following grounds.

Argument

I.  Where Plaintiffs cannot establish each element of the cause of action, Plaintiffs' motion to amend must be denied on the grounds of futility.

A.) A motion to amend is to be denied as futile where a plaintiff cannot establish one or more of the well-defined elements of the proposed new cause of action.

It is well established that futility of the amendment is one of several grounds on which a motion to amend may be denied.  See, *e.g.*, *Forman v. Davis*, 371 U.S. 178, 182 (1962); see also *Castellucci v. United States Fidelity and Guaranty Company*, 372 Mass. 288, 289-290, 292-293 (1977), citing to *Forman*, and other federal cases cited therein. Futility of a proposed amendment includes the inability of the proposed complaint to withstand a motion to dismiss under the standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)[1], discussed in the memorandum previously submitted by these Defendants in support of their Rules 12(b)(2) and 12(b)(6), Fed. R. Civ. P., motions.

The elements of a fraud claim are that 1) a defendant made a false representation of material fact, with knowledge of its falsity, for the purpose of inducing the plaintiff to act; and that 2) the plaintiff reasonably relied on the representation as true and acted upon the false representation to plaintiff's damage.  *Cumis Insurance Society, Inc., v. BJ's*

---

[1] This standard was adopted by Massachusetts in *Iannacchino v. Ford Motor Co*., 451 Mass. 623 (2008).

Case 1:11-cv-11259-NMG Document 40 Filed 11/14/11 Page 3 of 6

*Maddox; Clark v. Salamon, M.D., et al*
Memorandum of Law in Support of Opposition of Defendants Salamon, M.D. and The Bond Clinic to Plaintiffs' Motion to Amend the Complaint to Add Fraud Count

*Wholesale Club, Inc.*, 455 Mass. 458, 471 (2009), citing to *Masingill v. EMC Corp.*, 449 Mass. 532, 540 (2007).

Without conceding either the allegations of fraud or the sufficiency of the proposed amended complaint as to any of the elements of a cause of action in fraud, the Defendants submit that the following deficiencies warrant denial of the Plaintiffs' motion to amend the complaint to add a count in fraud.

B.) Plaintiffs' proposed amended complaint is futile as to the requisite element that the allegedly fraudulent statements be made for the purpose of inducing Plaintiffs to act or, alternatively, to refrain from acting.

Nothing before this Court suggests that the Plaintiffs were the intended recipients of the case report at issue. The requisite element of fraud is that the fraud was committed by the defendant for the purpose of inducing *the plaintiff* to act. *Cumis Insurance, supra* (emphasis added).

Even were Plaintiffs were the intended recipients, clearly the case report did not induce the Plaintiffs to act or to refrain from acting. It cannot be disputed that each Plaintiff filed a medical malpractice action and in fact proceeded to trial on that action.

Simply put, none of the instant Plaintiffs either took action, or failed to take action based upon the March 2008 case report. That is fatal to Plaintiffs' proposed cause of action in fraud.

C.) Plaintiffs' proposed amended complaint is futile as Plaintiffs lack the requisite element of reliance on the allegedly false case report.

In order to establish reliance, taking the word for its common meaning, each Plaintiff would have to show that s/he placed faith or confidence in, or depended upon,

3

*Maddox; Clark v. Salamon, M.D., et al*
Memorandum of Law in Support of Opposition of Defendants Salamon, M.D. and The Bond Clinic to Plaintiffs' Motion to Amend the Complaint to Add Fraud Count

the case report at issue. Plaintiffs cannot do so. Of note, based on *Stapleton et al. v. Moore*, 403 Ill. App. 3d 147 (2010), decided on June 11, 2010, with rehearing denied on August 13, 2010)[2], those Plaintiffs sought to preclude use of the case report.

Plaintiffs' lack of reliance on the case report could not be clearer. Any alleged reliance by a defendant and/or a defense expert and/or a jury does not provide the requisite reliance; the element of the tort is reliance by the party allegedly injured.

Plaintiffs' proposed amended complaint fails to allege any reliance in any manner by Plaintiffs Gorbey and Maddox on said case report. Given the allegations are within the proposed amended complaint, it is axiomatic that Plaintiffs Gorbey and Maddox cannot establish that they relied on the case report.

D.) Plaintiffs' proposed amendment is futile as to the requisite aspect of damages.

The proposed amended complaint fairs no better than the original complaint as to the issue of damages, a requisite element. Plaintiffs must show have something beyond mere speculation between the alleged fraud and the outcome of their respective trials. Under *Bell Atlantic*, *supra*, Plaintiffs' amended complaint must be able to withstand a Rule 12 motion to dismiss. A bald assertion of "direct and proximate cause" at Plaintiffs' proposed amended complaint, ¶39, does not suffice.

II) Where Plaintiffs' proposed amended complaint fails to meet the requirements of Rule 9(b), Fed. R. Civ. P., this Court should deny Plaintiffs' motion to amend to add a count in fraud.

Rule 9(b) requires that in alleging fraud "a party must state with particularity the circumstances constituting fraud…". Plaintiffs in the instant action have failed to do so.

---

[2] An on-line search revealed that on January 26, 2011, the Illinois Supreme Judicial Court denied Plaintiffs' petition for leave to appeal.

Case 1:11-cv-11259-NMG   Document 40   Filed 11/14/11   Page 5 of 6

*Maddox; Clark v. Salamon, M.D., et al*
Memorandum of Law in Support of Opposition of Defendants Salamon, M.D. and The Bond Clinic to Plaintiffs'
Motion to Amend the Complaint to Add Fraud Count

It is axiomatic that, where Plaintiffs' motion is futile for the reasons set forth above, Plaintiffs have failed to meet the requirements of Rule 9(b), Fed. R. Civ. P.

III) Plaintiffs' motion to amend should be denied as both futile and barred given the applicable three year statute of limitations applicable to a cause of action in fraud.

A three year statute of limitations applies to actions in fraud. G.L.c. 260, §2A; *The Saenger Organization, Inc. v. Nationwide Insurance Licensing Associates, Inc*., 119 F.3d 55, 64 (1st Cir. 1997). The case report at issue was published in March of 2008. The instant action was filed on July 13, 2011 – and is thus not timely. The discovery rule applies only where the facts, as opposed to the legal theory, remain inherently unknowable, *Id*. at 65, and does <u>not</u> apply where there is constructive notice of the facts. *Id.* at 66. The website for United Brachial Plexus Network, Inc., has a letter from Plaintiffs' current counsel dated May 12, 2008, which letter includes allegations parallel to those in the case at bar. See Exhibit 1 to Memorandum of Law Supporting Opposition of Defendant, Henry Lerner, M.D., to Plaintiffs' Motion to Amended the Complaint (Document #36) to Add a Fraud Count. In addition, Plaintiffs' original complaint has at Exhibit 6 [Document 1-6] excerpts from trial testimony of Defendant Lerner on May 5, 2008, in *Cortez et al. v. Thaker et al*., Circuit Court of the 19th Judicial Circuit, Lake County, Illinois[3], wherein plaintiffs' counsel cross examined Dr. Lerner using not only the case report but also the medical records of the delivery reported in the case report. Given the letter and the transcript, Plaintiffs in the instant case failed to file their action within the three year statutory period.

---

[3] Plaintiffs Stapleton and Clark also filed their medical malpractice action against Monica Moore, M.D., in Illinois, albeit apparently in the First District.

*Maddox; Clark v. Salamon, M.D., et al*
Memorandum of Law in Support of Opposition of Defendants Salamon, M.D. and The Bond Clinic to Plaintiffs' Motion to Amend the Complaint to Add Fraud Count

    Given the above, Plaintiffs' motion to amend must be denied.

                                    Respectfully submitted,
                                    Defendant Eva Salamon, M.D., and
                                    Defendant Bond Clinic, properly Bond and
                                    Steele Clinic, P.A., d/b/a Bond Clinic, P.A.
                                    By counsel,

                                    /s/ Joan Eldridge, Esq.
                                    Joan Eldridge, B.B.O. # 152720
                                    Martin C. Foster, B.B.O. # 175860
                                    Foster & Eldridge, LLP
                                    One Canal Park, Suite 2100
                                    Cambridge, MA 02141
                                    617-252-3366
                                    Fax: 617-252-3377
                                    jeldridge@fosteld.com

Date: 11/14/11

## CERTIFICATE OF SERVICE

    I, Joan Eldridge, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants on this date.

Date: November 14, 2011                                                        /s/ Joan Eldridge